11/25/20 1:35PM

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Derek** | | **Geisser** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**

Case number:

(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

---

### Part 1:  Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1**  Debtor(s) will make regular payments to the trustee as follows:

**$3,000.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**  Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐  Debtor(s) will make payments pursuant to a payroll deduction order.
■  Debtor(s) will make payments directly to the trustee.
☐  Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
■  Debtor(s) will retain any income tax refunds received during the plan term.

---

| Debtor | **Derek Geisser** | Case number | |
|---|---|---|---|

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>180,000.00</u>.

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **First American Mortgage Solutions** | $0.00 | 226 West Lake Drive Cadillac, MI 49601 Wexford County | $160,000.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 |
| **First NLC Financial Services, LLC** | $0.00 | 6101 West 94th Street Unit C1 Oak Lawn, IL 60453 Cook County | $55,280.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 |

Debtor **Derek Geisser** Case number

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| United Wholesale Mortgage | $0.00 | 1889 Pinewood Avenue Traverse City, MI 49685 Grand Traverse County | $97,600.00 | $0.00 | $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
■ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**18,000.00**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1** **Nonpriority unsecured claims not separately classified.**

Debtor  **Derek Geisser**                                      Case number _____

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ■ The sum of $  **162,000.00**  .
- ☐ ____% of the total amount of these claims, an estimated payment of $____.
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **439,678.95** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:   Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:   Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ☐ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

### Part 8:   Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
- ■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:   Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  **/s/ Derek Geisser**                                                     X  _____
   **Derek Geisser**                                                              Signature of Debtor 2
   Signature of Debtor 1

   Executed on  **November 25, 2020**                                   Executed on  _____

X  **/s/ Matthew Hector**                                               Date  **November 25, 2020**
   **Matthew Hector**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor **Derek Geisser**                                             Case number

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $18,000.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $162,000.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*    + | $0.00 |
| | **Total of lines a through j** | **$180,000.00** |

United States Bankruptcy Court

Northern District of Illinois

In re: Case No. 20-20749-JSB

Derek Geisser Chapter 13

    Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0752-1 User: dpruitt Page 1 of 2
Date Rcvd: Nov 30, 2020 Form ID: pdf001 Total Noticed: 19

The following symbols are used throughout this certificate:
**Symbol  Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\##    Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 02, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Derek Geisser, 5 Creekside Circle, Apt. A, Elgin, IL 60123-1127 |
| 29132401 | + | Alden Estates of Barrington, 1420 South Barrington Road, Barrington, IL 60010-5206 |
| 29132406 | + | First American Mortgage Solutions, 3 First American Way, #168, Santa Ana, CA 92707-5913 |
| 29132408 | + | Georgetown of Oak Lawn #110, co Erickson Realty & Management Inc, 13301 S. Ridgeland Avenue, Suite B, Palos Heights, IL 60463-0030 |
| 29132409 | + | Gottlieb Memorial Hospital, P.O. Box 74867, Chicago, IL 60694-4867 |
| 29132411 | + | Illinois Post Acute Medical SE, c/o Healthcare Revenue Recovery, P.O. Box 5406, Cincinnati, OH 45274-0001 |
| 29132412 | + | Integrative Rehabmedicine S.C., P.O. Box 4912, Wheaton, IL 60189-4912 |
| 29132414 | + | Loyola University Health System, P.O. Box 83171, Chicago, IL 60691-0171 |
| 29132418 | + | RSLFC, 105 1st Avenue SW, Aberdeen, SD 57401-4104 |
| 29132417 | + | Robert Schwartzenberg MD PC, 912 Northwest Highway, Suite 206, Fox River Grove, IL 60021-1925 |
| 29132419 | + | United Wholesale Mortgage, 585 South Blvd. E, Pontiac, MI 48341-3163 |
| 29132420 | + | VNA Health Care, 400 North Highland Avenue, Aurora, IL 60506-3814 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 29132402 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Dec 01 2020 00:46:54 | Capital One, P.O. Box 30281, Salt Lake City, UT 84130-0281 |
| 29132403 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Dec 01 2020 00:46:53 | Chase Business, P.O. Box 6185, Westerville, OH 43086 |
| 29132404 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Dec 01 2020 00:48:13 | Chase Freedom, Card Services, P.O. Box 15298, Wilmington, DE 19850 |
| 29132405 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Dec 01 2020 00:46:53 | Chase Slate, Cardmember Services, P.O. Box 6294, Carol Stream, IL 60197 |
| 29132413 | + | Email/Text: usbknotice@ncc.us | Dec 01 2020 00:23:00 | Loyola Univ. c/o Nationwide Credit, c/o Evergreen Bank Group, P.O. Box 3219, Oak Brook, IL 60522-3219 |
| 29132416 | + | Email/PDF: gecsedi@recoverycorp.com | Dec 01 2020 00:46:52 | Pay Pal Credit / Synchrony Bank, P.O. Box 960006, Orlando, FL 32896-0006 |
| 29132910 | + | Email/PDF: gecsedi@recoverycorp.com | Dec 01 2020 00:45:34 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 7

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

District/off: 0752-1 | User: dpruitt | Page 2 of 2
Date Rcvd: Nov 30, 2020 | Form ID: pdf001 | Total Noticed: 19

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 29132410 | *+ | Gottlieb Memorial Hospital, P.O. Box 74867, Chicago, IL 60694-4867 |
| 29132415 | *+ | Loyola University Health System, P.O. Box 83171, Chicago, IL 60691-0171 |
| 29132407 | ##+ | First NLC Financial Services, LLC, 700 West Hillsboro Boulevard, #B-1, #204, Deerfield Beach, FL 33441-1614 |

TOTAL: 0 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2020        Signature:        /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 25, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Matthew Hector | on behalf of Debtor 1 Derek Geisser matthewhector@gmail.com gina.noto@evlawgroup.com |

TOTAL: 1